UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CATHERINE M. L. CARLSON,

                                    Plaintiff,

                                                            **DECISION AND ORDER
        v.                                                  APPOINTING *PRO BONO*
                                                            COUNSEL**

THE COUNTY OF YATES, *et al.*,                              25-CV-6566-MAV-MJP

                                    Defendants.

---

**Pedersen, M.J.** Presently before me is plaintiff Catherine M. L. Carlson's ("Plaintiff") motion to appoint counsel. (ECF No. 26.) Plaintiff commenced this civil rights action through counsel on October 11, 2025, against the County of Yates, the Yates County Sheriff's Department, the Yates County Jail, and the Canandaigua Emergency Squad ("Defendants"), asserting constitutional violations pursuant to 42 U.S.C. § 1983 and violations New York law in connection with a one-car accident and its aftermath in July 2024. (Compl. ¶¶ 1, 11, ECF No. 1.)

More specifically, Plaintiff asserts that Defendants seized and arrested Plaintiff without a warrant or probable cause, were deliberately indifferent to Plaintiff's serious medical needs, and violated her bodily integrity, all in violation of the Fourth and Fourteenth Amendments. (*Id.* ¶¶ 34–49.) In addition, Plaintiff asserts New York State claims for false arrest, false imprisonment, and defamation. (*Id.* ¶¶ 50–61.)

Defendants County of Yates, Yates County Sheriff's Department, and the Yates County Jail filed an answer on February 2, 2026. (ECF No. 7.) Defendant

1

Canandaigua Emergency Squad filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on February 6, 2026, with an amended notice of motion filed on that same date. (ECF Nos. 9 & 10.) Judge Vacca set a briefing schedule for the motion to dismiss on March 9, 2026. (ECF No. 12.)

In a letter to Judge Vacca and me dated March 3, 2026, Plaintiff informed us that her attorney had passed away and requested "a significant amount of time so that [Plaintiff could] find and be able to pay for a new attorney . . . ." (ECF No. 15.) At a conference with me on March 20, 2026, Plaintiff indicated that she was appearing *pro se* and I directed her to file a motion to appoint counsel. (ECF No. 17.) I held another conference with the parties on May 8, 2026, wherein Plaintiff expressed her desire for appointed counsel. (ECF No. 25.) Plaintiff filed her motion to appoint counsel on May 15, 2026. (ECF No. 26.) Defendants do not oppose Plaintiff's motion. (ECF Nos. 28 & 29.)

The Honorable Meredith A. Vacca granted Plaintiff's initial motion for leave to proceed *in forma pauperis* ("IFP") by text order entered on June 22, 2026. (ECF No. 34.)

## BACKGROUND

Plaintiff asserts that she requires appointed counsel because she "do[es] not have the funds [to hire an attorney] and all of the people [she has] contacted, but one [sic] do not practice in Federal Court. That person said no because I have no money." (Pl.'s Application for Appointment of Counsel, May 15, 2026, ECF No. 26.)

## DISCUSSION

There is no constitutional right to appointed counsel in civil cases, but under § 1915(e) a court may use its discretion to appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). In deciding whether to appoint counsel, a court considers whether: (1) the claims are likely to be of substance; (2) the indigent is able to investigate the crucial facts concerning her claim; (3) conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) the legal issues involved are complex; and (5) there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *See Hendricks*, 114 F.3d at 392 (citing *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)).

After considering these factors, I find that appointing counsel is appropriate in this case. Plaintiff has told me on several occasions that she saved money to retain her prior attorney and that there is no money left to hire a new attorney. Plaintiff also represented to me that the New York State Appellate Division, Fourth Department appointed her counsel in connection with the appeal of her related criminal conviction.[1] In addition, my staff and I have had several interactions with Plaintiff regarding practices and procedures in Federal Court and are constrained in aiding Plaintiff as we cannot provide legal advice or guidance. I believe it will benefit all involved if Plaintiff is appointed counsel on a limited scope basis.

---

[1] I asked Plaintiff to attach any documents demonstrating that the Fourth Department appointed counsel in connection with her appeal to this application but none are included.

Each lawyer—especially those who are admitted to practice in federal court and who therefore are in a position to reap the benefits of such practice—has a professional obligation to provide *pro bono* services for the poor. *See* New York Rules of Professional Conduct, Rule 6.1; Local Rules of Civil Procedure, Rule 83.8.

Based on the foregoing, I grant Plaintiff's motion for assignment of *pro bono* counsel (ECF No. 26). I will seek an attorney to accept a *pro bono* assignment in this case for the limited purposes of assisting Plaintiff with responding to the pending motion to dismiss filed by defendant Canandaigua Emergency Squad and limited discovery related to the motion to dismiss. I will also ask appointed counsel to discuss settlement with Plaintiff. I am limiting representation to these specific facets of the case because I believe Plaintiff has better access to resources, such as law libraries and the Pro Se Assistance Program, than many who seek pro bono counsel, including *pro se* incarcerated individuals, and will be in a position to prosecute other aspects of her case on her own behalf.

**SO ORDERED**.

DATED:     June 23, 2026
           Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge

4